*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEXTER SULLIVAN, | |
| Plaintiff, | Civ. No. 17-2171 (FLW) (LHG) |
| v. | |
| JOSEPH KRAKORA, Public Defender; KEVIN WALKER, Deputy Public Defender; and GREGORY JORDAN, Assistant Public Defender, | OPINION |
| Defendants. | |

**FREDA L. WOLFSON, U.S.D.J:**

## I. INTRODUCTION

Plaintiff Dexter Sullivan ("Plaintiff") is a pretrial detainee currently confined at the Middlesex County Adult Correctional Center in North Brunswick Township, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, this Court must screen the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint is dismissed without prejudice and correspondingly, Plaintiff's request for *pro bono* counsel is denied without prejudice. In lieu of dismissal, Plaintiff shall have leave to amend the complaint within 30 days from the date of the Order accompanying this Opinion.

## II. FACTUAL BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Joseph Krakora, Kevin Walker, and Gregory Jordan. The factual allegations of this complaint

1

will be construed as true for purposes of this screening opinion only. The Court makes no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that on October 3, 2016, Defendant Jordan, an assistant deputy public defender, was assigned to represent him in a probable cause hearing. (Dkt. No. 1 at p. 5). Plaintiff claims that Jordan failed to advocate on his behalf. (*See id.* at pp. 5-6). Specifically, Plaintiff claims that Jordan waived the hearing and told Plaintiff to plead guilty for a crime he did not commit. (*See id.* at p. 5). Plaintiff also alleges that on December 17, 2016, Jordan did not present any evidence on his behalf for a bail motion. (*See id.* at p. 6). Moreover, Plaintiff alleges that Jordan's representation of him at a dismissal motion on February 24, 2017, demonstrates that Jordan conspired with the prosecutor to garner a plea from Plaintiff. (*See id.*).

Plaintiff further claims that he has presented evidence of his innocence to Jordan's superiors. (*See id.*). In that regard, Plaintiff alleges that Defendant Walker, a deputy public defender, denied his request to relieve Jordan as his attorney, and that Defendant Krakora, New Jersey's Public Defender, ignored Plaintiff's written letters regarding the matter. (*See id.*).

Plaintiff seeks *only* monetary damages for the alleged constitutional violations. (*See id.*). Specifically, Plaintiff seeks punitive damages in the amount of $50,000 from each Defendant and actual damages in the amount of $75,000. (*See id.* at pp. 6-7).

Additionally, in a letter to this Court dated June 19, 2017, Plaintiff requests that counsel be appointed so that he may effectively present his constitutional claims. (Dkt. No. 3 at p. 1).

### III. <u>STANDARD FOR *SUA SPONTE* DISMISSAL</u>

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a

claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"[A] court must accept as true all of the allegations contained in a complaint." *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *See id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied

3

by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Courts must liberally construe pleadings that are filed *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (internal citations omitted).

## IV. DISCUSSION

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (noting that section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

### A. Claims against Defendant Jordan

Plaintiff first alleges that Jordan provided ineffective assistance of counsel by failing to advocate on Plaintiff's behalf and by erroneously advising Plaintiff to take a plea deal during his criminal case, in violation of the Sixth Amendment. (Dkt. No. 1 at pp. 5-6). Plaintiff also claims

4

that Jordan engaged in a conspiracy with the prosecutor to garner a guilty plea from Plaintiff. (*See id.* at p. 6).

"[P]ublic defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983." *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (quoting *Black v. Bayer*, 672 F.2d 309, 320 (3d Cir. 1982), *abrogated on other grounds by D.R. v. Middle Bucks Area Voc. Tech. Sch.*, 972 F.2d 1364, 1368 n.7 (3d Cir. 1992)). This immunity arises from the fact that a public defender "does not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); *Calhoun v. Young*, 288 F. App'x. 47, 49-50 (3d Cir. 2008) (public defender representing criminal defendant is not acting under color of state law); *Thomas v. Howard*, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law). Accordingly, Plaintiff fails to state a § 1983 ineffective assistance of counsel claim against Jordan.[1]

However, Plaintiff's conspiracy claim against Jordan requires further analysis as the immunity accorded to public defenders under *Polk* does not attach to actions of conspiracy. Where a public defender conspires with the State to deprive an individual of his rights, the public defender is not immune from civil liability under § 1983. *See Tower v. Glover,* 467 U.S. 914, 916–20 (1984) (finding that a public defender who allegedly conspired with judges and the state attorney general to obtain the criminal defendant's conviction was acting under color of state law); *Bierley v. Abate*, 661 F. App'x 208, 209 n.3 (3d Cir. 2016) (noting that "private individuals

---

[1] Additionally, it is worth noting that to the extent Plaintiff's criminal action is ongoing, this Court "generally will not intercede to consider issues that [the plaintiff] has an opportunity to raise before the state court." *Hayes v. New Jersey*, No. 05-2716 (FLW), 2007 WL 38695, at *6 (D.N.J. Jan. 3, 2007) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

may nonetheless be liable under § 1983 if they have conspired with or engaged in joint activity with state actors").

In order to plead conspiracy under § 1983, a plaintiff must "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). A bare allegation of an agreement is insufficient to sustain a conspiracy claim. *See Brown v. Deparlos*, 492 F. App'x. 211, 215 (3d Cir. 2012). Furthermore, "a § 1983 conspiracy claim is not actionable without an actual violation of § 1983." *Cherry v. Borough of Tuckerton*, No. 16-505, 2016 WL 7030428, at *3 (D.N.J. Dec. 1, 2016) (internal quotation marks and citations omitted).

Here, based on Plaintiff's allegations, Jordan can only be liable under § 1983 if he conspired with the prosecution to deprive Plaintiff of his constitutional rights. With only a conclusory assertion of conspiracy, Plaintiff provides absolutely no facts in support of his allegation that Jordan conspired with the prosecution in order to obtain a guilty plea. Such bare allegations of a conspiracy are entirely conjectural and fail to satisfy the pleading standard under *Iqbal*. *See Twombly*, 550 U.S. at 556-57 (holding that, at the pleading stage, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality"). Thus, Plaintiff's claims against Jordan, must be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

B. **Claims against Defendants Krakora and Walker**

Plaintiff also avers that he wrote to Defendants Krakora and Walker requesting that Jordan be removed from his case, but that Krakora and Walker ignored and/or denied his

requests. (Dkt. No. 1 at p. 6). Such conduct, Plaintiff claims, is a violation of his constitutional rights.

As previously discussed, a public defender does not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *See Polk*, 454 U.S. at 318. The underlying rationale is that once a public defender is assigned to represent a defendant, he, like a privately retained lawyer, owes a duty of undivided loyalty to the defendant. *Id.* Except for the public defender's source of payment, his relationship with the client is "identical to that existing between any other lawyer and client." *Id.* Thus a public defender's role is a private function for which state office and authority are not needed. *Id.* at 318-19. The *Polk* Court, however, acknowledged in *dicta* the possibility that a public defender "may" act under color of state law "while performing certain administrative and possibly investigative functions." *Id.* at 325.

Here, Plaintiff fails to allege any acts by Krakora or Walker that meet the "administrative action" exception. Plaintiff's allegations that Krakora and Walker ignored his requests to remove Jordan and replace him with a different public defender is "akin to the traditional functions of a law firm in organizing caseload among its lawyers." *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005). Such case management decisions do not amount to an administrative function, and therefore, do not qualify as state action. *See T.R. v. Havens*, 612 F. App'x 83, 89 (3d Cir. 2015) (holding that court-appointed counsel's custom of not meeting with clients did not fall within the administrative action exception); *Powell*, 415 F.3d at 727-28 (explaining that hiring and budget decisions fall within the administrative action exception but case management priorities do not); *Miranda v. Clark Cnty. Nevada*, 319 F.3d 465, 469 (9th Cir. 2003) (holding that a public defender acts under color of state law when he performs administrative functions

such as allocating resources and determining department policies). Thus, Plaintiff's complaint fails to state claims against Krakora and Walker.

## C. Appointment of *Pro Bono* Counsel

Plaintiff has filed a request for the appointment of *pro bono* counsel. (*See* Dkt. No. 3). Courts considering whether to appoint *pro bono* counsel must consider whether: (1) the claim has some merit; (2) the pro se party lacks the ability to present an effective case without an attorney; (3) the legal issues are complex or, if the ultimate legal issues are not complex, the pro se party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs; (4) factual investigation will be necessary and the party is not adequately able to pursue said investigation; (5) the case is likely to turn on credibility determinations; (6) the case will require expert testimony; and (7) the party is unable to attain and afford counsel on his or her own behalf. *See Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 155, 158 (3d Cir. 1993). As a threshold matter, however, the Third Circuit has emphasized that courts must analyze the merits of an applicant's claim before engaging in any further evaluation. *See Tabron*, 6 F.3d at 155. Only after a determination that an applicant's claim has merit "in fact and law" should a court evaluate the remaining factors. *See id.*

Here, Plaintiff fails to meet the threshold requirement because his claims appear to lack merit as alleged. Even if Plaintiff had met the threshold merit requirement, the remaining factors still weigh against him. It does not appear, for example, that this case will involve complex legal issues or require extensive discovery or expert testimony. Accordingly, because Plaintiff's claims appear to lack merit, and because the balance of the remaining factors weigh against appointing counsel, Plaintiff's application for *pro bono* counsel is denied without prejudice.

## V.   CONCLUSION

For the reasons set forth above, all claims will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A (b)(1), for failure to state a claim.  Plaintiff's request to appoint pro bono counsel is denied without prejudice.  The Court will grant Plaintiff leave to amend his complaint to correct the deficiencies set forth herein within 30 days of the date of this Opinion and the accompanying Order, should Plaintiff elect to do so.  If Plaintiff does not amend within the time specified, this matter will be dismissed.


Dated:  January 23, 2018

                                          **/s/ Freda L. Wolfson**
                                          FREDA L. WOLFSON
                                          United States District Judge